IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| **GLORIA J. COLEMAN,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 6:06-cv-14 (HL) |
| **BRANCH BANKING & TRUST CO.** **d/b/a BB&T, et al.,** | : |
| Defendants. | : |

_____

# **ORDER**

Plaintiff, Gloria J. Coleman, filed a pro se complaint in this Court on February 28, 2006. Simultaneous with the filing of the complaint, Coleman also filed an Affidavit in Support of Request to Proceed *In Forma Pauperis*. Review of Coleman's affidavit discloses a monthly income of $640 from social security and disability benefits. The affidavit further discloses monthly household living expenses totaling $875. Plaintiff states that she owns no real property, and has no checking account and no savings account.

Pursuant to 28 U.S.C.A § 1915(a), a district court must determine whether the statements contained in an *in forma pauperis* affidavit satisfy the requirement of poverty. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). According to the court in Martinez "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." Id. at 1307. Because Coleman's monthly

expenses exceed her monthly income, the Court finds she is unable to pay the costs and fees associated with this lawsuit. Accordingly, the Court hereby **GRANTS** Plaintiff's motion to proceed *in forma pauperis*. However, consistent with the provisions of 28 U.S.C.A. § 1915(e)(2) and the decision in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827 (1989), before directing that service of process be issued, this Court has reviewed Plaintiff's complaint to determine if it should be allowed to go forward. As more fully set forth below, the Court finds Plaintiff's complaint sets forth claims that are not proper causes of action.

Plaintiff states that her complaint is brought under the following statutory provisions: "Sections 5(a), 5(m)(1)(A), 9, 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 49, 53(b) and 5(a)[1], and Section 108(c) of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1607(c)." She further alleges Defendants engaged in conduct in violation of "Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), including but not limited to, the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), as amended and TILA implementing Title 12 Code of Federal Regulations, Part 226, regulation Z and X."

With respect to Plaintiff's claims under the Federal Trade Commission Act (FTCA), the Court finds that she does not have a private cause of action. Section 45(a) of Title 15 of the United States Code (Section 5(a) of the FTCA) declares unfair methods of competition to be unlawful. Section 45(m) of Title 15 (Section 5(m)(1)(A) of the FTCA) provides for the

---

[1] The Court will assume that Plaintiff meant to cite 15 U.S.C.A § 56(a), rather than 15 U.S.C.A § 5(a). Section 16(a) of the Federal Trade Commission Act, which is referenced in the complaint, is codified at 15 U.S.C.A. § 56(a).

recovery of penalties for violations of the Act, but directs that such actions are to be brought by the Federal Trade Commission (FTC). Section 49 of Title 15 (Section 9 of the FTCA) authorizes district courts to aid the FTC in enforcing its subpoena powers; however, it is not a grant of authority to private citizens to bring private causes of action.

Provisions of the FTCA authorize the FTC to bring suit to enjoin violations of the Act. 15 U.S.C.A. § 53(b) (section 13(b) of the Act). Furthermore, certain provisions of the Act specify the procedures the FTC must follow before commencing a civil action under the Act. 15 U.S.C.A. § 56(a) (section 16(a) of the Act). However, neither of these provisions provide a private citizen with a private right of action under the statute. *See also* United States v. Philip Morris, Inc., 263 F. Supp. 2d 72, 78 (D.D.C. 2003) (stating that FTCA is enforced exclusively by the FTC and further noting that there is no private right of action under the statute (citing Holloway v. Bristol-Meyers Corp., 485 F.2d 986, 989 (D.C. Cir. 1973))). Thus, to the extent Plaintiff seeks to bring a private cause of action under the FTCA, such claims are barred.

Because Plaintiff is attempting to bring a private cause of action under statutory provisions that are enforced exclusively by the FTC, she must amend her complaint to remove those claims. Plaintiff shall have 30 days from the date of entry of this Order in which to file an amended complaint. Failure to file an amendment, as directed by this Order, will result in dismissal of Plaintiff's complaint.

**SO ORDERED**, this 16th day of May, 2006.

            **s/ Hugh Lawson**
            **HUGH LAWSON, JUDGE**

mls